UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSALI DENISE BRYANT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ANDREW SAUL,[1]<br><br>　　　　Defendant. | Case No. 18-cv-01514-DMR<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION FOR AWARD OF ATTORNEYS' FEES PURSUANT TO EQUAL ACCESS TO JUSTICE ACT**<br><br>Re: Dkt. No. 26 |

Plaintiff Rosali Bryant moves the court pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, for an award of attorneys' fees after securing a remand to the Social Security Administration ("SSA") on September 3, 2019. *See Bryant v. Berryhill*, No. 18-01514-DMR, 2019 WL 4168911 (N.D. Cal. Sept. 3, 2019). Andrew Saul, the Commissioner of Social Security, opposes the motion. For the reasons given below, the court grants Bryant's motion.

**I.　BACKGROUND AND PROCEDURAL HISTORY**

Bryant applied for Supplemental Security Income ("SSI") benefits on July 31, 2014. The SSA denied her application on October 9, 2014 and again on reconsideration on March 2, 2015. She then appealed to an Administrative Law Judge ("ALJ"), who found Bryant not disabled on March 6, 2017. The Appeals Council denied Bryant's request for review on February 23, 2018. She then filed this action, seeking judicial review on numerous grounds.

After review of both parties' motions for summary judgment and the administrative record, the court granted Bryant's motion in part on September 3, 2019 and remanded the case to the SSA for further proceedings. *Bryant*, 2019 WL 4168911, at *14. In its order, the court found that the ALJ had erred in rejecting the lay witness testimony of Jeannie Smith and Sean Nunez of Napa

---

[1] Andrew Saul, Commissioner of Social Security, is substituted for his predecessor, Nancy A. Berryhill, pursuant to Federal Rule of Civil Procedure 25(d).

Valley Support Services and Bryant's mother by failing to give germane reasons for disregarding their observations of Bryant, as required by law. *Id*. at *9-11. As to Smith and Nunez, the ALJ gave three reasons for giving them "little weight." On review, the court concluded that two of the three reasons were "merely statements of the law" and by themselves did not amount to "germane reasons" to discount those witnesses' observations of Bryant. *Id*. at *10. Regarding the third reason, the court found that it "ha[d] little basis in the record and is not germane to these witnesses." *Id*.

The ALJ also gave "little weight" to Bryant's mother's statement, asserting that her observations "do not outweigh the accumulated medical evidence" regarding Bryant's limitations and that her statement "lacks substantial support from objective findings in the record, which demonstrates good daily activities including the claimant's ability to work and attend school." *Id*. On review, the court concluded that these reasons did not satisfy the Ninth Circuit standard for giving "little weight" to Bryant's observations. *Id*.

The court also considered Bryant's arguments that the ALJ erred in assessing her credibility and determining that she does not meet or equal a mental impairment listing. As to credibility, the court concluded that "[c]ritical parts of these issues are tied to the ALJ's evaluation of the lay witness statements, which provide further detail about how Bryant's impairments impact her ability to work and the extent of her limitations, about which the court has already found error." *Id*. at *12. Therefore, the court refrained from analyzing the ALJ's credibility finding and held that "it makes sense on remand for the ALJ to reevaluate the credibility determination upon reevaluation of the lay witness statements." *Id*.

With respect to the mental impairment listings, the Commissioner conceded that the ALJ incorrectly applied an outdated version of the regulations but argued that any error was harmless. The court found that Bryant's argument regarding the listings "relies heavily on the statements by lay witnesses Jeannie Smith and Sean Nunez." *Id*. at *14. Given the ALJ's error as to those statements, the court concluded that it "cannot determine whether the ALJ's error in applying the incorrect version of the listings was harmless" and did not reach the merits of the argument, but held that "[o]n remand, the ALJ must reevaluate whether Bryant meets or equals Listings 12.04

2

and 12.06 using the applicable version of the regulations." *Id*.

Bryant timely filed the pending application for attorneys' fees. [Docket No. 26.]

## II. EAJA

The EAJA provides for an award of attorneys' fees to prevailing parties in cases seeking judicial review of federal agency action:

> [e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). "Thus, eligibility for a fee award in any civil action requires: (1) that the claimant be a 'prevailing party'; (2) that the Government's position was not 'substantially justified'; (3) [and] that no 'special circumstances make an award unjust.'" *Comm'r v. Jean*, 496 U.S. 154, 158 (1990).

### A. Prevailing Party Status

To be deemed the prevailing party under the EAJA, a plaintiff must demonstrate that "(1) as a factual matter, the relief sought by the lawsuit was in fact obtained as a result of having brought the action, and (2) there was a legal basis for the plaintiffs' claim." *Andrew v. Bowen*, 837 F.2d 875, 877-78 (9th Cir. 1988) (citation omitted). There is no dispute that Bryant qualifies as a prevailing party because her suit secured a remand of the SSA's final administrative decision. *See Gutierrez v. Barnhart*, 274 F.3d 1255, 1257 (9th Cir. 2001) ("An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded.").

### B. Substantial Justification

The government's position is substantially justified if the government proves that it has a "reasonable basis in law and fact." *Hardisty v. Astrue*, 592 F.3d 1072, 1079 (9th Cir. 2010) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)); *accord Yang v. Shalala*, 22 F.3d 213, 217 (9th Cir. 1994) (citation omitted). This analysis focuses on "the particular issue on which the

claimant earned remand" and not on whether the government's ultimate determination was substantially justified. *Hardisty*, 592 F.3d at 1078 (citation omitted). "The 'position of the United States' includes both 'the position taken by the United States in the civil action' as well as the agency's action or inaction 'upon which the civil action is based.'" *Gardner v. Berryhill*, 856 F.3d 652, 656 (9th Cir. 2017) (quoting 28 U.S.C. § 2412(d)(2)(D)); *accord Andrew*, 837 F.2d at 878 ("[t]he term 'position' includes the underlying agency action and the legal position of the United States during litigation." (citation omitted)).

The Commissioner asserts that the government took a substantially justified position in its determination that Bryant should not receive disability benefits because the ALJ's treatment of the lay witnesses' statements had a reasonable basis in law and fact. The Commissioner addresses each of the reasons offered by the ALJ to discount the lay witnesses' statements, arguing that "some evidence in the record" supports those reasons. The Commissioner also notes the existence of Ninth Circuit authority that purportedly supports the position that the ALJ gave germane reasons for rejecting Bryant's mother's testimony. Opp'n 4-5. Specifically, in giving Bryant's mother's statement "little weight," the ALJ stated in part that her "observations . . . do not outweigh the accumulated medical evidence." *Bryant*, 2019 WL at 4168911, at *10. The Commissioner cites *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005), in which the Ninth Circuit held that "[i]nconsistency with medical evidence" is a germane reason for discrediting the testimony of lay witnesses. According to the Commissioner, "[e]ven if inconsistency with medical evidence was not a sufficient reason in this case, controlling case law makes clear that it can be a proper basis, and therefore the ALJ's rejection of Plaintiff's mother's statement had a reasonable basis in law." Opp'n 4.

The court finds that the government's position was not substantially justified. This action was remanded to the SSA because the ALJ failed to satisfy well-established precedent that requires an ALJ to take into account "[l]ay testimony as to a claimant's symptoms or how an impairment affects the claimant's ability to work." That precedent also makes clear that to disregard such evidence, an ALJ "must give reasons that are germane to each witness." *See Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012) (quotation omitted); *see Bryant*, 2019 WL

4168911, at *10 (discussing then-applicable Social Security Ruling). While the Ninth Circuit held in *Bayliss* that "[i]nconsistency with medical evidence" is a germane reason to discount lay witness testimony, 427 F.3d at 1218, it is distinguishable from the present case. In *Bayliss*, the plaintiff argued that the ALJ "improperly rejected aspects of testimony provided by her friends and family members" because he "accepted the testimony . . . that was consistent with the record of [the plaintiff's] activities and the objective evidence in the record" and "rejected portions of their testimony that did not meet this standard." 427 F.3d at 1218. The court found that "[i]nconsistency with the record" was a germane reason to reject certain testimony, because the ALJ's "rejection of certain testimony was supported by substantial evidence." *Id*. In contrast, the ALJ here did not explain or identify inconsistencies between Bryant's mother's statement and the medical evidence; instead, he concluded that "[o]verall, [Bryant's mother's] statement lacks substantial support from objective findings in the record, which demonstrates good daily activities including the claimant's ability to work and attend school." *Bryant*, 2019 WL 4168911, at *10. As discussed at length in the opinion, the ALJ's statement about Bryant's activities and functioning "ha[d] little basis in the record" and "minimize[d] the extent to which Bryant required accommodations to work and attend school." *See id*. Therefore, contrary to the Commissioner's argument, the ALJ's treatment of Bryant's mother's statement did not have a "reasonable basis in law." The ALJ's failure to provide legally sufficient reasons for discounting the lay witnesses' statements impacted this court's ability to analyze Bryant's credibility and listings arguments, thus necessitating further proceedings and delaying the determination of Bryant's claim. The Ninth Circuit has stated that it "will be only a decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in substantial evidence in the record." *Decker v. Berryhill*, 856 F.3d 659, 664 (9th Cir. 2017) (ellipses omitted) (quoting *Meier v. Colvin*, 727 F.3d 867, 872 (9th Cir. 2013) (quotation omitted)). Under these circumstances, the court finds that the government's position was not substantially justified and no special circumstances appear to make an award unjust. Therefore, Bryant is entitled to an award of attorneys' fees under the EAJA.

### III. ATTORNEYS' FEES

When awarding a party attorneys' fees pursuant to the EAJA, the court must determine the reasonableness of the fees sought. *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). This inquiry generally entails determining "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). An award may be reduced if the movant provided inadequate documentation of the fees requested, the hours spent by counsel were unreasonable, or the movant achieved "limited success" in the litigation. *Id.* at 1146-47 (citing *Hensley*, 461 U.S. at 433-34, 436-37).

The Commissioner does not contest the statutorily mandated hourly rate adjusted for cost of living by which Bryant calculates her attorneys' fees -- $201.60 per hour in 2018 and $204.25 per hour in 2019.[2] *See* 28 U.S.C. § 2412(d)(2)(A); *Sorenson*, 239 F.3d at 1148. Nor does the Commissioner dispute the reasonableness of the hours requested by co-counsel David J. Linden. However, the Commissioner asserts that counsel Ralph Wilborn failed to exercise proper billing judgment and seeks compensation for "unreasonably excessive hours to work on this routine Social Security disability case." Opp'n 7. According to the Commissioner, Wilborn spent too much time reviewing the administrative record as well as the record in this case, researching the mental impairment listings, and drafting the reply brief. The Commissioner asserts that Wilborn has considerable experience handling Social Security disability cases in federal court and argues that "[f]or such an accomplished practitioner of Social Security disability law, this case was quite simple, and did not warrant 42.5 hours of work to write two briefs." *Id*. The Commissioner cites a laundry list of cases in which other courts have reduced Wilborn's fee requests and contends that the court should award Bryant no more than $7,309.59 in attorneys' fees for both Linden and Wilborn. *Id*. at 7-8, 10 n.5.

"Social security cases are fact-intensive and require a careful application of the law to the testimony and documentary evidence, which must be reviewed and discussed in considerable

---

[2] Bryant contends that the statutory maximum hourly rate under the EAJA for work performed in 2019 is $204.25, but the hourly rate for that time period is actually $205.25. *See* https://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited May 4, 2020). The court awards the hourly fee requested by Bryant.

6

detail." *Patterson v. Apfel*, 99 F.Supp.2d 1212, 1213 (C.D. Cal. 2000). Notwithstanding the Commissioner's argument that this case was "quite simple," Bryant challenged the ALJ's decision on numerous grounds and the court remanded the matter for further proceedings on three of those grounds.

Moreover, although "a district court will always retain substantial discretion in fixing the amount of an EAJA award," *Jean*, 496 U.S. at 163, a reduction of fees greater than 10 percent requires "specific" and "persuasive" reasons from opposing counsel. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (allowing a small reduction of no more than a 10 percent at the court's discretion). The Commissioner's request would result in a nearly 30 percent reduction in the amount of fees requested by Bryant's counsel and appears to be based solely on defense counsel's opinion about the amount of time that Wilborn should have spent on the case. Additionally, the Ninth Circuit has instructed that courts should generally "defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case." *Id*. at 1112. Having carefully reviewed the time entries, the court finds that the number of hours claimed are not excessive. [*See* Docket Nos. 27-1 (Linden Decl., Nov. 25, 2019); 27-2 (Wilborn Decl., Nov. 25, 2019).] Accordingly, it awards Bryant $10,040.19, representing $8,977.82 for 44.5 hours of work by Wilborn and $1,062.37 for 5.25 hours of work by Linden. The court also concludes that Bryant is entitled to fees incurred in preparing the reply brief for this motion. *Jean*, 496 U.S. at 161. Bryant's request for $1,225.50 for six additional hours of work on this fees motion is reasonable. [*See* Docket No. 29-1 (Wilborn Decl., Dec. 17, 2019).]

## IV. CONCLUSION

For the foregoing reasons, Bryant's motion for an award of attorneys' fees is granted in the amount of $11,265.69.

**IT IS SO ORDERED.**

Dated: May 11, 2020



Donna M. Ryu
United States Magistrate Judge